UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------X
JAN KONOPCA,                                          Civil No:3:15-cv-1901-FLW-TJB

                Plaintiff,        **SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

   -against-                                                **DEMAND FOR JURY TRIAL**

VERIZON NEW JERSEY, INC.,

                Defendant.
---------------------------------------------------------------X

Plaintiff JAN KONOPCA ("Plaintiff"), by and through his attorneys, The Law Office of Alan J. Sasson, P.C., as and for his Second Amended Complaint against the Defendant VERIZON NEW JERSEY, INC., (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA). Plaintiff filed this action against CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS on March 16, 2015, after having received hundreds of autodialed calls and precorded messages on his cell phone from Verizon. Upon being provided further information by Defendant, and at Defendant's request, Plaintiff amended his Complaint as of right to name VERIZON NEW JERSEY, INC., as the correct Defendant. Plaintiff now amends his Complaint a second time, with the written consent of Defendant, pursuant to FRCP 12(a)(2).

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Monmouth, residing in Long Branch, New Jersey.

3. Defendant VERIZON NEW JERSEY, INC. is a national telecommunications provider with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 USA.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (732)222-2222 numerous times seeking a third party.

8. Defendant began placing autodialed calls and prerecorded messages to the Plaintiff's cell phone on or about April 15, 2011, and continued to do so until approximately April 6, 2015.

9. Plaintiff is the sole subscriber of the Sprint account bearing the phone number of

(732)222-2222, and has been the sole subscriber of that account at all times relevant hereto.

10. Plaintiff is the sole party financially responsible for the payment of the Sprint account bearing the phone number of (732)222-2222, and has been the sole party financially responsible for that account at all times relevant hereto.

11. Plaintiff is the regular and sole user of the cellular phone number (732)222-2222, and has been the regular and sole user of that phone number at all times relevant hereto.

12. The Defendant called from numerous phone numbers, including but not limited to (800)837-4966 (which is the number 800-VERIZON) and (888)519-3894, all of which numbers belongs to Defendant.

13. Defendant would further leave prerecorded messages on the Plaintiff's cellular phone, which would request that the Plaintiff call the Defendant back at (800)837-4966 (which is the number 800-VERIZON).

14. Defendant specifically used LiveVox, a predictive dialer, to call the Plaintiff on his cellular phone on at least 25 occasions between the dates of May 3, 2014 and April 6, 2015.

15. LiveVox has already been adjudged to be a predictive dialer, and thus an automated telephone dialing system, as defined by the TCPA, 47 USC, §227(a).  *See e.g., Echevvaria v. Diversified Consultants, Inc.*, No. 13 CIV. 4980 LAK AJP, 2014 WL 929275 (S.D.N.Y. Feb. 28, 2014) ("Accordingly, because LiveVox is a predictive dialer, it constitutes an ATDS").

16. The Defendant's prerecorded messages left on the Plaintiff's cell phone would

typically repeat in a female robotic voice:

Good afternoon. This is Verizon calling to let you know that your high speed internet service is ready for you to install and that your service will now begin. Don't wait another minute to get started. Simply complete the high speed installation process using the kit we sent to you. Once your equipment is installed you will need to register and activate your service which will require the following order number for identification. Please write this down for future reference. Your high speed internet order number is iicn248671557. Simply use this number and your zip code to activate your service today and soon you will be surfing the web. Once you are online, visit our website at www.verizon.net/help for information about email, billing, home networking and more. That's www.verizon.net/help. If you need help with installation, you can call a Verizon installation support specialist at 1(800)Verizon. That's 1(800)837-4966. We hope you enjoy your high speed internet at Verizon. Goodbye. To hear this message again, press 8.

17. Defendant would further often place calls via the use of an automated telephone dialing system and prerecorded messages to the Plaintiff's cellular phone from phone numbers showing "Unavailable."

18. On one such date, September 6, 2011, the Defendant called the Plaintiff's cellular phone and left the following prerecorded message on the Plaintiff's voicemail:

Hello. This is Verizon Automated Customer Feedback System calling from 1(800)Verizon. We would like to ask you just a few quick questions regarding the way Verizon handled your recent request for FIOS service. Your answers will help us improve customer service. If you are the person who dealt with Verizon and wish to share your opinion with us, press 1 now. If you are not the person, press 2. [pause]. If you are the person who dealt with Verizon and wish to share your opinion with us, press 1 now. If you are not the person, press 2.

19. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system. Upon information and belief, Plaintiff has never provided his cell phone number to Defendant for FIOS or internet service.

20. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer,

and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

21. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

22. The Defendant therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
            May 22, 2015

            Respectfully submitted,

            LAW OFFICE OF ALAN J. SASSON, P.C.

            By: /s/ Yitzchak Zelman_____
            Yitzchak Zelman, Esq. (YZ5857)
            ATTORNEYS FOR PLAINTIFF
            1669 East 12 Street
            Brooklyn, New York 11229
            Phone: 718-339-0856
            Fax: 347-244-7178
            Email: yzelman@Sassonlaw.com